PER CURIAM:
Claimant brought this action for the value of her vehicle when her vehicle went into a dug out area created by respondent which was located off of the traveled portion of W.Va. Route 55 in Craigsville. W.Va. Route 55 is a road maintained by respondent in Nicholas County. The Court is of the opinion to make an award in this claim for the reasons more fully set forth below.
The incident giving rise to this claim occurred on September 18, 1998, at approximately 9:00 p.m. On the clear night in question, claimant and her husband were proceeding along W.Va. Route 55, a high priority road, in her 1986 Mercury Lynx with the aid of the vehicle’s lights. Claimant decided that she wanted to return to her residence so she attempted to turn the vehicle around. Claimant drove her vehicle into the Bubb’s Produce parking lot. As she maneuvered the turn, the right side of the vehicle went into a large, unmarked hole that was between the parking lot and the road. Claimant had not observed this dug out area previously. The hole, which was by a utility pole four feet from the white line marking the edge of the pavement, was approximately four feet by four feet in size. The hole was also at least four feet deep and it was partially covered by two sheet metal plates.[1] *123 Claimant’s vehicle sustained extensive damage. After the incident, Nicholas County Sheriff Wayne Plummer happened upon the scene. Deputy Sheriff Plummer, after determining that the hole was a hazard, marked off the area with cones from the Craigsville Fire Department and evidence tape he had in his vehicle. Claimant’s vehicle was then pushed to the local Napa Auto Parts store. Later, the vehicle was determined to be “totaled.” Since claimant’s vehicle was insured only under a liability policy, there was no insurance coverage for this incident. The value of the vehicle was estimated in the amount of $500.00.
The position of respondent was that it was not negligent in its maintenance of W.Va. Route 55 in Craigsville. Respondent acknowledged that it was responsible for creating the large dug out area in order to remedy a drainage problem, but asserts that it had taken the proper precautions to cover the hole it had created. In addition, respondent acknowledged that the area in question was known to be used by drivers as a turn-around area and that large trucks came in and out of the parking lot. According to respondent, barrels and cones were placed at the scene but had been stolen on several occasions. Several days before claimant’s incident, respondent did not have material to fill in the hole, so sheet metal plates were placed over the hole. The day following the incident, the area was repaired.
The evidence adduced at the November 4, 1999, hearing established that respondent was negligent in its maintenance of W.Va. Route 55 at the site in question. Respondent was aware of the public use of the area and it should have exercised more reasonable care in the inspection of the hole until permanent repairs could be made. The Court is of the opinion that the actions of respondent were negligence for which claimant may recover the sustained loss. Consequently, there is sufficient evidence of negligence upon which to base an award.
In view of the foregoing, the Court is of the opinion to and does make an award in this claim in the amount of $500.00, for the estimated value of the vehicle.
Award of $500.00.

 The sheet metal plates were four feet by eight feet and had a thickness of !4 inch. Each sheet metal plate weighed about one thousand pounds.